1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT BEARD,

11              Plaintiff,                    No. CIV S-09-3210 WBS EFB P

12       vs.

13  BETTI,

14              Defendant.                    <u>ORDER</u>

15  _____/

16       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17  U.S.C. § 1983.  On October 14, 2011, defendant Betti filed a motion to revoke plaintiff's *in*

18  *forma pauperis* status and to dismiss the case.  Despite being granted an extension of time,

19  plaintiff has not filed an opposition or a statement of no opposition.  Rather, plaintiff has filed a

20  motion to hold defendant "in contempt of court for his third party denial of plaintiff's legal

21  resources and access to a law library," but has not specifically addressed how or why he has not

22  been able to submit a timely opposition to defendant's pending motion.  Dckt. No. 27.  Plaintiff's

23  motion includes numerous legal citations and quotes, suggesting that his failure to respond to

24  defendant's motion is not due to lack of access to legal materials.  *See id.*

25       In cases in which one party is incarcerated and proceeding without counsel, motions

26  ordinarily are submitted on the record without oral argument.  Local Rule 230(l).  "Opposition, if

1

any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that, within 21 days of the date of this order, plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: January 12, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE