IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BEARD,

        Plaintiff,                      No. CIV S-09-3210 WBS EFB P

     vs.

BETTI,

        Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On October 14, 2011, defendant Betti moved to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). Dckt. No. 23. On April 2, 2012, after an extension of time, plaintiff opposed the motion. Dckt. No. 38; *see also* Dckt. No. 40 (continuation of opposition brief). On April 5, 2012, defendant filed a reply. Dckt. No. 39. For the following reasons, the court recommends that defendant's motion be granted, and that this action be dismissed unless plaintiff pays the filing fee.

       Defendant requests that the court revoke plaintiff's in forma pauperis status because plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim, and does not meet the "imminent danger" of immediate physical injury exception under section 1915(g). Section 1915(g) provides that:

1

1
2
3
4
> In no event shall a prisoner bring a civil action or appeal . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5  28 U.S.C. § 1915(g).

6  Pursuant to § 1915(g) a prisoner with three "strikes," meaning prior cases or appeals,
7  brought while the plaintiff was a prisoner, which were dismissed as frivolous, malicious, or for
8  failure to state a claim, cannot proceed in forma pauperis. *Andrews v. King*, 398 F.3d 1113, 1116
9  n.1 (9th Cir. 2005). Defendants bear the initial burden of producing documentary evidence that
10 allows the court to conclude that the plaintiff has suffered three strikes. *Id.* at 1120 (because
11 docket records will not always reflect the basis for the dismissal, defendants "must produce court
12 records or other documentation that will allow the district court to determine that a prior case
13 was dismissed because it was 'frivolous, malicious or failed to state a claim.'"). If defendants
14 meet this burden, the burden then shifts to the prisoner plaintiff, who must either explain why a
15 prior dismissal should not count as a strike or show that he satisfies the "imminent danger of
16 serious physical injury" exception to § 1915(g). *See id.* "[I]t is the circumstances at the time of
17 the filing of the complaint that matters for purposes of the "imminent danger" exception to
18 § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. Cal. 2007).

19 Here, defendant meets his burden of producing evidence allowing the court to conclude
20 that plaintiff has suffered three strikes for purposes of section 1915(g).[1] *See* Dckt. No. 23,
21 Request for Judicial Notice (including: (1) *Beard v. Olson*, Case No. 1:98-cv-05140-OWW-HGB
22 PC) (E.D. Cal. June 7, 1999) (order dismissing action for failure to state a claim); (2) *Beard v.*

---

[1] The court hereby takes judicial notice of the court records submitted with defendants' motion to dismiss. *See* Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1  *Crenshaw*, Case No. 2:03-cv-03290-UA-RZ (C.D. Cal. May 22, 2003) (order denying
2  application to file action without prepayment of the full filing fee for failure to state a claim and
3  as frivolous); (3) *Beard v. Ketchens*, Case No. 2:06-cv-08019-UA- RZ (C.D. Cal. Jan. 12, 2007)
4  (order denying application to file action without prepayment of the full filing fee for failure to
5  state a claim); (4) *Beard v. Hogue*, Case No. 2:08-cv 04577-UA-RZ (C.D. Cal. Aug. 7, 2008)
6  (order denying application to file action without prepayment of the full filing fee for failure to
7  state a claim and as frivolous); and (5) *Beard v. Wright*, Case No. 2:09-cv- 06975-UA-RZ (C.D.
8  Cal. Oct. 13, 2009) (order denying application to file action without prepayment of the full filing
9  fee for failure to state a claim)).

10  Plaintiff fails to show through his opposition brief that any of these prior dismissals
11  should not count as a strike or that he satisfies the "imminent danger of serious physical injury"
12  exception to § 1915(g). First, plaintiff argues that any dismissals that merely denied his requests
13  to proceed in forma pauperis do not count as strikes. Dckt. No. 38 at 3. However, that argument
14  is foreclosed by *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008), which held that the denial
15  of in forma pauperis status based on frivolity or for failure to state a claim constitutes a "strike"
16  for purposes of § 1915(g). Thus, the four dismissal orders listed above that denied plaintiff's
17  application to file an action without prepayment of the full filing fee – *Crenshaw*, *Ketchens*,
18  *Hogue*, and *Wright* – all count as strikes. *See O'Neal*, 531 F.3d at 1153. Next, plaintiff contends
19  that "in 2003" he was confined to the county jail or to state prison and could not have filed any
20  lawsuit, such as *Crenshaw*. Dckt. No. 38 at 3. Plaintiff's contention in this regard does not
21  refute defendant's evidence that plaintiff lodged his complaint in *Crenshaw* on May 12, 2003
22  with the United States District Court for the Central District of California, while confined as a
23  state prisoner to "Vacaville California Medical Facility." Dckt. No. 23, Request for Judicial
24  Notice, Ex. C. Aside from his vague and unsupported contention that he could not have filed a
25  lawsuit in 2003, plaintiff does not explain why *Crenshaw* should not count as a strike. Finally,
26  plaintiff argues at length that the *Olson* action should not count as a strike and should even be

reinstated. Dckt. No. 38 at 4-5, 9; Dckt. No 40. However, even without counting *Olson* as a strike, § 1915(g) would still apply because plaintiff fails to show why at least four of the dismissals listed above – *Crenshaw*, *Ketchens*, *Hogue*, and *Wright* – should not qualify as strikes.

Plaintiff's opposition is silent as to how he satisfies the "imminent danger of serious physical injury" exception to § 1915(g), and the complaint does not include any allegations of this type. *See* Dckt. No. 1-1 (regarding delivery of legal materials and seeking monetary relief only).[2] Here, the imminent danger exception does not apply. *See Andrews*, 493 F.3d at 1055 (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing).

In light of this record, the undersigned will recommend that plaintiff's in forma pauperis status be revoked.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status, Dckt. No. 23, be granted; and

2. Plaintiff be granted twenty-one days from any order adopting these findings and recommendations to pay the filing fee in full, failing which, it is RECOMMENDED that all outstanding motions be denied and this case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[2] The verified complaint, signed under penalty of perjury, also misrepresented that plaintiff had brought only "1" previous lawsuit. *See* Dckt. No. 1-1. With his motion, defendant submits court records showing that plaintiff, while incarcerated, has filed over 50 civil actions in federal court. Dckt. No. 23, Request for Judicial Notice, Ex. A.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE